IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTI MYERS,

               Plaintiff,

      v.

WARREN ROBERTS, LISA FISCHER, E.
SHAW, JESSICA WILSON, MICHELE
BERGMANN,

               Defendants.

Case No. 3:26-cv-00619-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Kristi Myers ("Myers"), a self-represented litigant proceeding in forma pauperis, filed a motion for appointment of pro bono counsel. (ECF No. 16.) For the reasons explained below, the Court denies Myers' motion for appointment of counsel with leave to renew at a later stage of this case.

## LEGAL STANDARDS

"There is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981)). "However, a court may under 'exceptional circumstances' appoint

PAGE 1 – OPINION AND ORDER

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

In evaluating "whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Ninth Circuit has recognized that "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (explaining that "[n]one of these factors is dispositive; rather they must be considered cumulatively" (citing *Palmer*, 560 F.3d at 970)).

## DISCUSSION

Myers' case does not present "exceptional circumstances" warranting appointment of pro bono counsel at this time.

At this early stage of the proceedings, Myers has not yet demonstrated a likelihood of success on the merits. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1-2 (9th Cir. July 5, 2022) (holding that the district court did not abuse its discretion in declining to appoint pro bono counsel "earlier in th[e] case" and explaining that "[i]t was not necessarily clear that [the self-represented plaintiff's] claims had potential merit until after [the] summary judgment" stage).

Additionally, on this record and considering the complexity of the legal issues involved, the Court has no reason to question Myers' ability adequately to represent herself. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (explaining that the self-represented plaintiff's

PAGE 2 – OPINION AND ORDER

case did not present "exceptional circumstances" warranting appointment of counsel and "a litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case"); *Fierro*, 2022 WL 2437526, at \*2 (noting that the "record . . . provide[d] some support for the conclusion that [the self-represented plaintiff] was ably litigating his claims *pro se*, and his . . . claims were not so complex as to require the appointment of counsel far in advance of trial"). Even if Myers will face certain challenges in pursuing and presenting her case, Myers' "circumstances [are] not exceptionally different from the majority of the challenges faced by [self-represented] litigants." *Siglar*, 822 F. App'x at 612. Thus, Myers has not demonstrated an inability to litigate her claims as a self-represented litigant.

For these reasons, the Court concludes that Myers' case does not present "exceptional circumstances" warranting appointment of pro bono counsel at this time.

## CONCLUSION

For the reasons stated, the Court DENIES Myers' motion for appointment of pro bono counsel (ECF No. 16) with leave to renew at a later stage of this case.

**IT IS SO ORDERED.**

DATED this 15th day of July, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 3 – OPINION AND ORDER